[767 NYS2d 17]

In the Matter of ANDREA M. MERCADO (Admitted as ANDREA MORGAN MERCADO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 13, 2003

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill* (*Raymond Vallejo* of counsel), for petitioner.

*Benjamin Brotman & Maltz, LLP (Richard M. Maltz* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Andrea M. Mercado was admitted to the practice of law in the State of New York by the First Judicial Department on September 28, 1987, as Andrea Morgan Mercado. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On or about January 17, 2002, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of conspiracy to commit wire fraud in violation of 18 USC § 371 and one count of wire fraud in violation of 18 USC § 1343, both federal felonies. Respondent is currently awaiting sentencing for these crimes.

The Departmental Disciplinary Committee (Committee) seeks an order pursuant to Judiciary Law § 90 (4) (a) and (b) striking respondent's name from the roll of attorneys on the ground that she has been disbarred upon her convictions of a felony, as defined by Judiciary Law § 90 (4) (e). Alternatively, the Committee argues that the convictions constitute "serious crime[s]" under Judiciary Law § 90 (4) (d), and therefore respondent should immediately be suspended from the practice of law and the matter referred to a Hearing Panel for consideration of the appropriate sanction (Judiciary Law § 90 [4] [f]-[h]). Respondent concedes that her convictions constitute "serious crime[s]" and she has consented to immediate suspension and referral for a sanction hearing. Respondent opposes, however, automatic disbarment under Judiciary Law § 90 (4) (a).

A conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law (*see Matter of Kim*, 209 AD2d 127, 129 [1995]; Judiciary Law § 90 [4] [e]). The federal felony need not be a "mirror image" of the New York felony in that it need not correspond in every detail, but it must be essentially similar (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]).

Respondent is correct that the underlying federal felonies of wire fraud and conspiracy to commit wire fraud have no direct felony analogs under New York law. Nevertheless, where the statutory language defining the federal offense is not "essentially similar" to a felony under the laws of this state, the

essential similarity between the federal offense and a New York felony may be established in the admissions under oath made during respondent's federal plea allocution (*Matter of Peiffer*, 274 AD2d 158, 159 [2000]; *Matter of Lulkin*, 258 AD2d 209, 210 [1999]), which may be read in conjunction with the federal indictment or information (*Matter of Peiffer*, 274 AD2d at 159).

In her plea allocution in federal court, respondent admitted to conduct that would constitute the New York felony of scheme to defraud in the first degree, an E felony (*see* Penal Law § 190.65 [1] [b]), which requires proof that the defendant "engage[d] in [a] scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false . . . pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons."

Specifically, she admitted that from the fall of 1999 to October 2000 she "assisted" her coconspirator in obtaining funds from investors through misrepresentations; that she was aware that her coconspirator intended to use the funds for personal purposes and did in fact use such funds for personal purposes; that she knew that the investors were being misled and that it was "wrong and unlawful" to obtain the funds in this manner; and that the amount illegally obtained was approximately $94,000. Since these factual admissions demonstrate that respondent was convicted of a New York felony as defined by Judiciary Law § 90 (4) (e), automatic disbarment is appropriate (*see Matter of Muraskin*, 302 AD2d 33, 34 [2002]; *Matter of Lulkin*, 258 AD2d at 210-211).

We reject respondent's argument that the admissions in her federal plea allocution do not satisfy the elements of scheme to defraud in the first degree because she only "assisted" her coconspirator. Respondent's level of participation is not an element of the crime (*see Matter of Lulkin*, 258 AD2d at 211), and neither her purported lesser role in the scheme nor her emotional dependence on her coconspirator negate her accessorial liability for the conduct to which she has admitted (*see* Penal Law § 20.00). Consequently, as respondent has been convicted of a felony within the meaning of Judiciary Law § 90 (4) (e) and has automatically ceased to be an attorney by operation of law upon entry of her guilty plea, her name should be stricken from the roll of attorneys (*see Matter of Remmelink*, 233 AD2d 25, 26 [1997]).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b) upon the ground that respondent has been disbarred as a result of her convictions of federal felonies that would constitute felonies under New York law.

MAZZARELLI, J.P., SULLIVAN, LERNER, MARLOW and GONZALEZ, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 17, 2002.