[777 NYS2d 58]

In the Matter of Ronald F. Harnisch, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, May 13, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill* (*La Trisha A. Wilson* of counsel), for petitioner.

*Anderson Kill & Olick, P.C.,* New York City (*John H. Doyle* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Ronald F. Harnisch was admitted to the practice of law in the State of New York by the Second Judicial Department on January 27, 1971. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now petitions this Court for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that he was convicted of a crime which would be a felony if committed in New York (*see Matter of Kim,* 209 AD2d 127 [1995]). Respondent cross-moves for an order determining that the crime of which he has been convicted is a serious crime pursuant to section 90 (4) (d) of the Judiciary Law and 22 NYCRR 603.12 (b), and referring the matter for a hearing.

We are persuaded that automatic disbarment is warranted.

For purposes of the application of section 90 (4) (a), which authorizes automatic disbarment of any attorney upon conviction of a felony, Judiciary Law § 90 (4) (e) defines the term "felony" as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." The out-of-jurisdiction felony must be "essentially similar," but not necessarily identical to, an offense classified as a felony in New York (*see Matter of Margiotta,* 60 NY2d 147, 147 [1983]).

On August 11, 2003, respondent pleaded guilty, in the United States District Court for the Southern District of New York, to one count of conspiracy to commit mail fraud (18 USC §§ 371, 1341, 1346), which is a federal felony. However, there is no New York State felony counterpart to the federal felony of mail fraud (*see Matter of Teplin,* 82 AD2d 296 [1981]). Nevertheless, where the elements of the out-of-jurisdiction felony do not directly correspond to the elements of a New York felony, this Court may look beyond the elements of the felony of which the respondent was convicted, and consider as well the respondent's admissions in the plea allocution (*see Matter of Mercado,* 1 AD3d 54, 55-56 [2003]; *Matter of Peiffer,* 274 AD2d 158 [2000]; *Matter of Kaye,*

217 AD2d 197 [1995]). This Court has already rejected respondent's contentions that the material elements of the federal felony must form the elements of a felony under New York State law (*see Matter of Mercado, supra*).

The charges against respondent arose out of a scheme by which respondent, an attorney and lobbyist, acting with coconspirators James McGowan, the former New York State Labor Commissioner, and John Segreti, created a fictitious company which fraudulently obtained grant monies through the New York State Department of Labor. In his plea allocution, respondent admitted that in early 1998 he formed a sham company known as the New York State Association of Airport Rental Employees, Inc., which applied for, and ultimately received, grant money McGowan arranged to steer from the New York State Department of Labor's Hazardous Abatement Board, part of which funds were then funneled to the National Traffic Safety Institute, John Segreti's company. Respondent's sham organization was awarded in excess of $500,000, and actually received $235,000. Respondent acknowledged having mailed false documents to the Department of Labor, and having made and received telephone calls in furtherance of the scheme.

The admissions of respondent's plea allocution are sufficient to establish the elements of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]), a class E felony: intentionally engaging in a scheme constituting a systematic ongoing course of conduct with intent to defraud one or more persons, by false or fraudulent pretenses, of property in excess of $1,000 (*see Matter of Kim, supra*). As such, his offense constitutes an appropriate predicate for automatic disbarment (*see Matter of Mercado, supra*).

To the extent respondent implies that his offense is the equivalent of a conspiracy to violate Penal Law § 190.65, which constitutes an A misdemeanor rather than a felony, we disagree. Since his admissions demonstrate the substantive offense of violating section 190.65 (1), not merely a conspiracy formed with the intent to do so, the New York State felony is established by his conduct.

In the cases upon which respondent relies, federal mail fraud convictions were treated not as felonies under Judiciary Law § 90 (4) (e), but rather, as "serious crimes" under Judiciary Law § 90 (4) (f), which require a suspension and a hearing rather than triggering automatic disbarment. However, review of those cases does not establish that all the elements of a New York

felony were established by the federal allocution in those matters. For instance, in *Matter of Hochberg* (259 AD2d 94 [1999]), the respondent's plea allocution did not indicate the amount of money wrongfully obtained through the admitted fraud.

Accordingly, petitioner's motion to strike respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), should be granted, and respondent's cross motion should be denied.

MAZZARELLI, J.P., ANDRIAS, SAXE, ELLERIN and WILLIAMS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 11, 2003. Cross motion denied.