[781 NYS2d 16]

In the Matter of JOHN T. HUG, JR. (Admitted as JOHN THOMAS HUG, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 5, 2004

---

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*J. Bruce Maffeo* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent John T. Hug, Jr. was admitted to the practice of law in the State of New York by the Second Judicial Department on February 25, 1976. At all times relevant to the instant proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On July 26, 2001, respondent pleaded guilty to an information filed in the United States District Court for the Eastern District of New York to conspiracy to defraud the United States (by making false statements) in violation of 18 USC § 371, which is a felony under the United States Code. The information alleges that respondent, as president of an ambulance company, submitted two applications to Medicare and Medicaid that falsely listed a Jose Davila as the owner of the company in question, knowing that Hugh Nastasi, a convicted felon who was officially excluded from participating in these programs, was the company's owner, director and controller.

On July 29, 2003 respondent was sentenced to two years probation and ordered to pay a mandatory special assessment of $100. The court declined to order restitution in light of respondent's adverse financial situation.

The Departmental Disciplinary Committee now petitions this Court for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) or, in the alternative, for an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b), immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing respondent to show cause before a referee or Hearing Panel why a final order of censure, suspension or disbarment should not be made (Judiciary Law § 90 [4] [g]). Respondent cross moves for an order determining that the crime of which he has been convicted is a "serious crime" as defined by the Judiciary Law, and denying the Committee's motion for an order of automatic disbarment.

We are persuaded that automatic disbarment is legally warranted and otherwise appropriate.

For purposes of the application of Judiciary Law § 90 (4) (a), which authorizes automatic disbarment of any attorney upon

conviction of a felony, Judiciary Law § 90 (4) (e) defines the term "felony" as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." For purposes of disbarment, "[t]he out-of-jurisdiction felony must be 'essentially similar,' but not necessarily identical to, an offense classified as a felony in New York" (*Matter of Harnisch*, 7 AD3d 58, 59 [2003]; *see also Matter of Margiotta*, 60 NY2d 147 [1983]).

There is no New York State felony counterpart to the federal felony of conspiracy to defraud the United States. Further, this Court has never ruled on the question of whether the federal crime of conspiracy to defraud the United States (18 USC § 371) is an analogue for the New York State felony of offering a false instrument for filing in the first degree (Penal Law § 175.35). However, *under these specific and particular circumstances*, we find these two crimes "essentially similar" for the purposes of directing an automatic disbarment. We reach this conclusion based on two factors: (1) respondent's federal plea allocution is sufficient to establish *all* the elements of the state felony of first degree offering a false instrument for filing; and (2) the underlying acts which he admitted during his plea allocution to the federal felony clearly render him also guilty of the New York felony whose elements, though fewer in number, are more specific, and which fully and clearly fall within the meaning of the more general elements of the federal felony.

SUFFICIENCY OF THE PLEA

It is well settled that "where the elements of the out-of-jurisdiction felony do not directly correspond to the elements of a New York felony, this Court may look beyond the elements of the felony of which the respondent was convicted, and consider as well the respondent's admissions in the plea allocution" (*Matter of Harnisch, supra* at 59; *accord Matter of Mercado*, 1 AD3d 54, 55-56 [2003]; *Matter of Peiffer*, 274 AD2d 158 [2000]; *Matter of Kaye*, 217 AD2d 197 [1995]). Here, respondent's plea encompassed all the elements of the state felony of filing a false instrument.* At the beginning of the federal plea allocution, the court read the charges to respondent. Included in this recitation

---

\* "A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public benefit corporation of the state, he offers or

*(n. cont'd)*

is the specific charge that respondent filled out and submitted Medicare and Medicaid provider-enrollment application forms, with a false owner's name. Then, after the Judge advised respondent of the rights he was waiving as part of the plea agreement, the Judge asked, "How do you plead to the *charge which I summarized* for you" (emphasis added), and respondent replied "I plead guilty . . . ." Although each act was not separately admitted by respondent pursuant to a specific and discrete question asked by the court, it is clear he admitted all the elements of intentionally and falsely preparing and submitting the federal forms when he admitted that the Judge's summary contained the conduct to which he was pleading guilty.

Moreover, if there were any doubt that respondent fully and completely intended to admit the conduct which comprises the federal, as well as our state felony, his own defense attorney, at sentencing, more than clarified respondent's intent to allocute fully to falsely preparing and filing when he said, "Mr Hug's role in this case is limited but, nonetheless, extremely serious. His involvement was, in substance, *submitting two applications* to Medicare and Medicaid that falsely listed a Jose Davila as the owner of the ambulance company in question *and was submitted by Mr. Hug* at a time that he knew full well that Hugh Nastasi was the owner, director, controller of the company" (emphasis added). Nor did he claim in his cross motion that he did not intend to admit fully all the elements that happen to constitute both the state and federal crimes at issue.

To the extent that respondent did not specifically allocute to specific questions mirroring each of the separate, specific elements of the state felony, "[t]here is no requirement for a 'uniform mandatory catechism of pleading defendants' " (*People v Harris*, 61 NY2d 9, 16 [1983], quoting *People v Nixon*, 21 NY2d 338, 353 [1967], *cert denied sub nom. Robinson v New York*, 393 US 1067 [1969]; *see also People v Fiumefreddo*, 82 NY2d 536, 543 [1993] [this Court has consistently rejected a formalistic approach to guilty pleas]). Indeed, "there is no requirement that a defendant personally recite all of the elements constituting the underlying crime charged" (*see People v Dewer*, 243 AD2d 984, 985 [1997], *lv denied* 91 NY2d 925 [1998];

---

presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation" (Penal Law § 175.35).

*see also People v Duff*, 158 AD2d 711 [1990], *lv denied* 76 NY2d 734 [1990] [even if defendant's allocution did not establish essential elements of crime to which he pleaded guilty, it would not require vacatur of his plea since there is no suggestion in the record that plea was improvident or baseless]). Therefore, we have no doubt respondent intended to admit fully, inter alia, the element of filing a false statement, especially for purposes of the instant civil, not criminal proceeding.

ESSENTIAL SIMILARITY

While to date we have not been presented with a case in which we have found an "essential similarity" between the general federal crime of conspiracy to defraud the United States and the more specific state felony of filing a false instrument, under these particular circumstances, we find such similarity. We conclude it takes less culpable conduct to be found guilty of the New York felony of filing a false instrument than is required to be convicted of the more general crime of conspiracy to defraud the United States. Thus, it makes no sense to afford respondent the added protection of "serious crime" consideration where the conduct which is required to be proven for a conviction under the New York felony is at least as egregious—if not less so—as the conduct to which he pleaded guilty under federal law. Moreover, "[w]hen it is the underlying conduct of the attorney which calls for disciplinary response, it makes little sense to say that although that conduct has been defined as felonious throughout the Nation under Federal law, the attorney is not to be automatically disbarred unless our State Legislature has enacted a precisely matching felony statute. To accord determinative significance to such statutory discrepancy would be to elevate insignificance" (*Matter of Chu*, 42 NY2d 490, 494 [1977]). The rationale for this view is clear under *Chu* because "the perspective with which the sentencing of convicted criminals is approached—the imposition of individual punishment—is quite different from that involved in professional disciplinary proceedings—*the protection of the public (Matter of Levy*, 37 NY2d 279, 282)" (*id.* at 493 [emphasis added]). Thus, when the underlying acts of a federal conspiracy felony are themselves enough to satisfy the elements of a more specific New York felony, and the respondent in his/her guilty plea in federal court has admitted sufficient facts to constitute an adequate guilty plea to those felonies in both jurisdictions, that plea becomes a bridge factually connecting the two felonies. Under those circumstances, we deem the two felonies "es-

sentially similar" for the purposes of automatic disbarment under the Judiciary Law. This is completely consistent with and in furtherance of the goals of our state's policy as set forth in *Matter of Chu* (*see also Matter of Margiotta*, 60 NY2d 147, 150 n 1 [1983] ["essential similarity" test eliminates concern that minor offense in another jurisdiction will result in automatic disbarment]).

Accordingly, petitioner's motion to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) should be granted and respondent's cross motion denied.

BUCKLEY, P.J., ELLERIN, WILLIAMS, MARLOW and GONZALEZ, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 26, 2001.