[806 NYS2d 50]

In the Matter of VALERIE S. AMSTERDAM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 15, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel) for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Valerie S. Amsterdam was admitted to the practice of law in the State of New York by the First Judicial Department on February 22, 1977. At all relevant times, she has maintained an office for the practice of law within this Department.

On April 4, 2005, before the United States District Court for the Eastern District of New York, respondent, a criminal defense attorney, pleaded guilty to one count of conspiracy to defraud the United States in violation of 18 USC §§ 371 and 3551. In addition, respondent entered into a stipulation of settlement under which she consented to forfeit $374,000 to the United States, and agreed to permanently surrender her law license.

The count of the indictment to which respondent pleaded guilty alleged, in pertinent part, that:

- between June 2003 and November 2003 respondent together with another attorney (Attorney Doe) knowingly, willfully and intentionally conspired to defraud the United States and an agency of the United States, namely, the United States District Court for the Eastern District of New York; and

- as part of the conspiracy, respondent and Attorney Doe submitted false and fraudulent applications for the appointment of respondent as assigned counsel to a defendant under the Criminal Justice Act (CJA) without disclosing that respondent was receiving payment from Attorney Doe for such representation.

The overt acts charged were:

- On or about June 25, 2003, respondent accepted a $10,000 check from Attorney Doe for the purpose of representing a defendant at a criminal trial;

- on or about October 29, 2003, Attorney Doe submitted an application to the court requesting that respondent be appointed to represent the same defendant under the CJA; and

- on or about November 20, 2003, respondent and At-

torney Doe, who had been appointed as assigned counsel, misrepresented to a United States District Judge that respondent was not being paid to represent the defendant but was working on the case pro bono when, in fact, she had been paid.

In her plea allocution, respondent admitted that she received a $10,000 fee from the defendant's boyfriend to assist Attorney Doe in the defendant's representation; and that she made an "intentionally false statement" to the court when she informed the court that she was appearing pro bono on behalf of the defendant when, in fact, she had received a $10,000 fee. According to respondent's allocution, "twice, with my knowledge, [Attorney Doe] made written requests to Judge Wexler asking that I be appointed as second counsel under the provisions of the Criminal Justice Act," and both times, Judge Wexler denied the request.

The Departmental Disciplinary Committee has filed a petition seeking an order disbarring respondent pursuant to Judiciary Law § 90 (4) (a), on the ground that she was convicted of a felony as defined in Judiciary Law § 90 (4) (e) and, therefore, has been automatically disbarred, or, in the alternative, accepting respondent's resignation pursuant to 22 NYCRR 603.11 and striking her name from the rolls effective immediately.

Respondent has submitted her resignation from the practice of law. Although respondent's counsel was served with the instant petition, no response has been filed.

A federal felony conviction will trigger automatic disbarment if an equivalent felony exists under New York law which is " 'essentially similar', though not necessarily identical" to the federal offense (*Matter of Vagionis*, 241 AD2d 276, 278 [1998], quoting *Matter of Margiotta*, 60 NY2d 147, 150 [1983]). Essential similarity between the elements of the federal offense and a New York felony may be demonstrated by considering any admissions made under oath during a respondent's plea allocution, which may be read in conjunction with the indictment (*Matter of Mercado*, 1 AD3d 54, 55-56 [2003]).

The Committee contends, inter alia, that automatic disbarment is appropriate here because respondent's guilty plea and admissions during her allocution establish that she committed acts essentially similar to the New York felony of offering a false

instrument for filing in the first degree (Penal Law § 175.35).[1] We agree. Respondent admits that she participated in the filing of false applications with the federal court for her appointment as assigned counsel, which applications failed to disclose her receipt of a $10,000 fee for her work on the matter and misrepresented to the court that she had done such work on a pro bono basis. During her plea allocution, respondent explained that it was Attorney Doe who actually filed the false applications with the court, but that he did so with respondent's knowledge. Thus, respondent, acting in concert with Attorney Doe (Penal Law § 20.00), engaged in the conduct that, under New York law, would constitute the felony of offering a false instrument for filing. Therefore, respondent ceased to be an attorney by operation of law upon entry of her guilty plea on April 4, 2005.[2]

Accordingly, the Committee's petition, insofar as it seeks to strike respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (a), should be granted, and respondent's name stricken from the roll of attorneys and counselors at law, effective, nunc pro tunc, as of April 4, 2005.

BUCKLEY, P.J., ANDRIAS, SAXE, FRIEDMAN and NARDELLI, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law, effective nunc pro tunc to April 4, 2005.

---

1. A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision or public authority, one offers or presents it to a public office or public authority with the knowledge or belief that it will be filed with or otherwise become part of the records of such public office.

2. Even if automatic disbarment were not applicable under these circumstances (although, as discussed above, we believe it is), we would accept respondent's letter of resignation, which has been tendered in a form conforming to the requirements of 22 NYCRR 603.11 (a).