[845 NYS2d 250]

In the Matter of WILLIAM F. SORIN (Admitted as WILLIAM FREDERICK SORIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 8, 2007

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Paul, Weiss, Rifkind, Wharton & Garrison LLP* (*James L. Brochin* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent William F. Sorin was admitted to the practice of law in the State of New York by the First Judicial Department on February 11, 1974, under the name William Frederick Sorin. At all times relevant to these proceedings, respondent maintained his principal place of business within the First Judicial Department.

On November 2, 2006, respondent pleaded guilty in the United States District Court for the Eastern District of New York to a one-count felony information charging conspiracy to commit securities fraud, mail fraud and wire fraud in violation of 18 USC § 371. On May 10, 2007, respondent was sentenced to one year and one day in prison followed by three years of supervised release and ordered to pay $51,784,888 in restitution as well as a $100,000 fine.

The Committee seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that his federal conviction is a proper predicate for automatic disbarment (Judiciary Law § 90 [4] [e]; *Matter of Novich*, 285 AD2d 136 [2001]). Respondent's counsel has submitted a letter advising that respondent does not oppose the relief requested.

A conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law (*see Matter of Kim*, 209 AD2d 127, 129 [1995]; Judiciary Law § 90 [4] [e]). The federal felony need not be a "mirror image" of the New York felony in that it need not correspond in every detail, but it must be essentially similar (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]; *Matter of Shubov*, 25 AD3d 33 [2005]).

While the underlying federal felonies of conspiracy to commit wire fraud, securities and mail fraud have no direct felony analogs under New York law, where the statutory language defining the federal offense is not "essentially similar" to a felony under the laws of this State, the essential similarity between the federal offense and a New York felony may be established in the admissions under oath made during respondent's federal plea allocution, which may be read in conjunction with the federal indictment or information (*Matter of Peiffer*, 274 AD2d 158, 159 [2000]; *Matter of Lulkin*, 258 AD2d 209, 210 [1999]).

During his plea allocution, respondent admitted that, while general counsel of Comverse Technology, Inc. (CTI), from the 1990s to 2002 he conspired with other former senior executives at CTI to conceal that Comverse stock options grants were being backdated to dates when the stock was trading at periodic low points. He further admitted that he "approved proxy statements and SEC filings which falsely reported that Comverse options were issued with an exercise price at the fair market value of the stock on the grant date, when in fact Comverse was issuing backdated options with a . . . lower [price] . . . and which therefore should have been accounted for as compensation to its employees. I knew that those SEC filings would be transmitted electronically to the SEC and that the audited financial statements would be mailed to Comverse shareholders."

Respondent's admitted conduct corresponds to the New York felony of scheme to defraud in the first degree (Penal

Law § 190.65 [1] [b]), which requires proof that a defendant "engage[d] in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false . . . pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons." Respondent admitted intentionally defrauding members of the investing public and shareholders by backdating millions of stock options granted to himself and others, and, as a result of this scheme, he "reaped substantial personal gain from his fraudulent conduct" and agreed as part of his sentence to pay approximately $52 million in restitution. Respondent's own factual admissions demonstrate that he was convicted of a New York felony as defined by Judiciary Law § 90 (4) (e). Automatic disbarment is therefore appropriate (*Matter of Harnisch*, 7 AD3d 58 [2004]; *Matter of Mercado*, 1 AD3d 54 [2003]; *Matter of Muraskin*, 302 AD2d 33 [2002]).

We further note that respondent's plea admission that he approved CTI's proxy statements and SEC filings which falsely reported that the options were issued with a fair exercise price knowing that the SEC filings would be transmitted to the SEC and the audited financial statements would be mailed to Comverse shareholders, is also essentially similar to the New York felony of offering a false instrument for filing in the first degree (Penal Law § 175.35; *Matter of Amsterdam*, 26 AD3d 94 [2005]). That statute provides that "A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public benefit corporation of the state, he offers or presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation." (Penal Law § 175.35.)

Accordingly, the Committee's motion to strike respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law, effective nunc pro tunc to November 2, 2006.

TOM, J.P., SAXE, SULLIVAN, GONZALEZ and SWEENY, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 2, 2006.