[870 NYS2d 255]

In the Matter of MELVYN I. WEISS (Admitted as MELVYN IRWIN WEISS), an Attorney, Respondent.

First Department, December 18, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Melvyn I. Weiss was admitted to the practice of

law in the State of New York by the Second Judicial Department on April 2, 1960, under the name Melvyn Irwin Weiss. At all times relevant to this proceeding, respondent was a named partner with the law firm formerly known as Milberg Weiss Bershad & Schulman LLP (Milberg Weiss), located within the First Judicial Department.

The Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (4) (a), striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred as a result of his conviction of a federal felony that would also constitute a felony under New York law (Judiciary Law § 90 [4] [e]). Although served with this petition, respondent has not submitted a response.

On April 2, 2008, respondent was convicted, upon his guilty plea, in the United States District Court for the Central District of California of racketeering conspiracy in violation of 18 USC § 1962 (d), a felony under the United States Code. On June 2, 2008, respondent was sentenced to a term of imprisonment of 30 months, three years of supervised release, and ordered to pay a fine of $250,000. In addition, respondent agreed to forfeit $9.75 million (amounting to net proceeds earned from the racketeering conspiracy).

According to the fourth superceding information, Milberg Weiss constituted an enterprise specializing in representing plaintiffs in class actions and shareholder derivative actions. Respondent admitted in his plea allocution and plea agreement, read in conjunction with the information, that he possessed substantial control over the management and control of Milberg Weiss' business affairs and he joined in an illegal agreement among two or more individuals employed by or associated with Milberg Weiss to conduct the firm's affairs through a "pattern of racketeering activity," knowing of its object and intending to help accomplish it. It was further part of the conspiracy that respondent agreed that a conspirator would commit at least two racketeering acts in the conduct of the affairs of the enterprise.

Specifically, respondent admitted that beginning around the 1970s and continuing at least into 2005, he and other individuals at Milberg Weiss, entered into secret, illegal kickbacks with a cohort of persons who were essentially on call to act as lead plaintiffs in class actions. The Milberg Weiss partners who agreed to this secret pay arrangement to certain named plaintiffs included, among others, William Lerach, David Bershad, and Steven Schulman (the conspiring partners). The

individuals, who received the secret kickbacks to serve as lead plaintiffs in the class actions (paid plaintiffs) included Howard Vogel, Seymour Lazar, Steven Cooperman and three individuals who resided in Florida. This arrangement permitted Milberg Weiss to file lawsuits faster and to gain the position as lead counsel to receive higher legal fees.

Respondent further admitted that he agreed to the secret payment agreement between Milberg Weiss and Lazar; he was aware of the payment arrangements between Milberg Weiss and the Florida plaintiffs, and personally made a cash payment to one of those plaintiffs in the late 1980s; and he was aware of the payment arrangement between Milberg Weiss and Cooperman, to whom he personally made at least one payment by check. In addition, respondent and others caused Milberg Weiss to issue checks to intermediary law firms, lawyers and other professionals with the intent and understanding that the money would be distributed to the paid plaintiffs. Respondent and others also knew that although these payments were falsely described as, among other things, "referral fees" or "professional fees" owed by Milberg Weiss to the intermediaries, they were actually disguised kickbacks to the paid plaintiffs.

Additionally, respondent and others knew they had to conceal their payment scheme with the paid plaintiffs from the federal and state courts presiding over the class actions by making and causing to be made false and/or misleading statements in documents filed in class actions (including complaints, motions and certifications) and in testimony and discovery documents. Absent such concealment, there was a risk of disqualification because the kickbacks created an apparent conflict of interest between the paid plaintiffs and the class members they purported to represent. Respondent admitted that he knew the secret arrangement was improper. Among the false and/or misleading statements one or more of the conspiring partners caused to be submitted to the court in connection with four class actions were certifications by Cooperman, Lazar, and Vogel that they would not accept any payment for serving as a representative party beyond their pro rata shares of any recovery. These certifications falsely represented the true nature of Milberg Weiss' payment arrangement with the paid plaintiffs and constituted four racketeering acts that formed a "pattern of racketeering activity" under 18 USC § 1961 (1) and (5).

A conviction of a federal felony does not trigger automatic disbarment unless the offense would also constitute a felony

under the New York Penal Law (*Matter of Sorin*, 47 AD3d 1 [2007]). The federal felony need not be a "mirror image" of the New York felony, corresponding precisely in every detail, but it must have essential similarity (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). Essential similarity may be demonstrated by reviewing evidentiary materials such as admissions made under oath in the respondent's plea that the Court may read in conjunction with the indictment or information (*Matter of Amsterdam*, 26 AD3d 94, 96 [2005]; *Matter of Mercado*, 1 AD3d 54, 55-56 [2003]).

Respondent was convicted of racketeering conspiracy under 18 USC § 1962 (d). 18 USC § 1962 (d) states that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." Subsection (c) prohibits participation in the conduct of an "enterprise's affairs through a pattern of racketeering activity."

A person is guilty of the felony of enterprise corruption in violation of Penal Law § 460.20 (1) when, "having knowledge of the existence of a criminal enterprise and the nature of its activities, and being employed by or associated with such enterprise, he . . . intentionally conducts or participates in the affairs of an enterprise by participating in a pattern of criminal activity."

In *Matter of Schulman* (51 AD3d 220 [2008]), another disciplinary matter arising out of the same illegal activity, this Court found essential similarity between the New York State felony of enterprise corruption in violation of Penal Law § 460.20 and racketeering conspiracy under 18 USC § 1962 (d). Clearly respondent's admissions come under subsection (c) because, inter alia, respondent admitted that he engaged in a "pattern of racketeering activity" and that on at least four separate occasions he knowingly participated in the filing of falsified documents to the courts. Thus, the activities to which respondent admitted are essentially similar to the New York felony of enterprise corruption under Penal Law § 460.20. Therefore, automatic disbarment under Judiciary Law § 90 (4) (a) is appropriate.

In addition, respondent's admission that he knowingly participated in the filing of false certifications with federal courts in four different class actions in order to conceal the secret payment arrangements with the paid plaintiffs satisfies the elements of the New York felony of offering a false instrument for filing in the first degree. This New York felony occurs when:

"[a] person . . . knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision . . . he offers or presents it to a public office . . . with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office" (Penal Law § 175.35; *see Matter of Amsterdam*, 26 AD3d at 96-97 [attorney's conviction of conspiracy to defraud the United States was essentially similar to offering a false instrument for filing in the first degree]).

Thus, respondent's admissions of criminal conduct also satisfy the elements of the New York felony of offering a false instrument for filing in the first degree (Penal Law § 175.35).

Accordingly, the Disciplinary Committee's petition should be granted and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b), nunc pro tunc to April 2, 2008.

MAZZARELLI, J.P., BUCKLEY, ACOSTA, RENWICK and DEGRASSE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 2, 2008.