[898 NYS2d 18]

In the Matter of JAMES E. GANSMAN, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JU-
DICIAL DEPARTMENT, Petitioner.

First Department, March 23, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent James E. Gansman was admitted to the practice of law in the State of New York by the First Judicial Department on August 24, 1987. At all times relevant to this proceeding, respondent maintained his principal place of business within the First Judicial Department.

On July 26, 2009, respondent, along with another person, was charged in a 12-count indictment in the United States District Court for the Southern District of New York. The indictment alleged that between November 2005 and December 2007, respondent and another conspired to and did in fact commit securities fraud, namely insider trading. Specifically, it is alleged that respondent was a partner at Ernst and Young, LLP (E & Y), a professional services partnership providing assurance, tax, transaction and advisory services worldwide. While employed at E & Y, and by virtue of his position, respondent obtained non-public "Inside Information" regarding E & Y's clients' upcoming "business combination transactions," which he then unlawfully conveyed to another, who then, based on the information, bought securities, thereby deriving a profit. Specifically, respondent was charged with one count of conspiracy to commit secu-

rities fraud, in violation of 18 USC § 371 and 15 USC § 78j (b) and § 78ff and 17 CFR 240.10b-5 and 240.10b5-2, a felony, and 11 counts of securities fraud in violation of 15 USC § 78j (b) and § 78ff and 17 CFR 240.10b-5 and 240.10b5-2, also a felony. On May 15, 2009, following a jury trial, respondent was convicted of six counts of securities fraud.

The Departmental Disciplinary Committee (Committee) now petitions this Court for an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys on grounds that respondent's conviction for securities fraud, in violation of 15 USC § 78j (b) and § 78ff triggered respondent's automatic disbarment pursuant to Judiciary Law § 90 (4) (a) and (e) inasmuch as securities fraud is a federal felony and is essentially similar to General Business Law § 352-c (5) and (6), which proscribe and criminalize fraud in the sale of securities in this state, class E felonies. We agree.

An attorney convicted of a felony as defined by Judiciary Law § 90 (4) (e) is automatically disbarred (Judiciary Law § 90 [4] [a]). A felony is defined as any criminal offense deemed a felony under the laws of this State or any criminal offense committed elsewhere, classified as a felony where committed and which if committed in this state would constitute a felony (Judiciary Law § 90 [4] [e]). For purposes of this determination a felony committed in another jurisdiction need not be a mirror image of its New York State analog and need not correspond in every detail, instead must bear only an essential similarity (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]; *Matter of Harnisch*, 7 AD3d 58, 59 [2004]). Thus, a conviction of a federal felony does not trigger automatic disbarment unless the offense would also constitute a felony under New York law (*Matter of Rosenthal*, 64 AD3d 16, 18 [2009]; *Matter of Christo*, 69 AD3d 157 [2009]; *Matter of Weiss*, 58 AD3d 203, 205-206 [2008]; *Matter of Sorin*, 47 AD3d 1, 3 [2007]; *Matter of Amsterdam*, 26 AD3d 94, 96 [2005]; *Matter of Hug*, 10 AD3d 126, 128 [2004]; *Matter of Mercado*, 1 AD3d 54, 55 [2003]; *Matter of Kim*, 209 AD2d 127, 129 [1995]).

We have repeatedly held that the federal statute proscribing securities fraud, as defined by 15 USC § 78j (b) and § 78ff, is essentially similar to this State's statute, General Business Law § 352-c (5) and (6), which proscribes fraud in the sale of securities (*Matter of Olesnyckyj*, 43 AD3d 167, 168 [2007]; *Matter of Appell*, 27 AD3d 81, 83 [2006]; *Matter of Marks*, 4 AD3d 11, 12 [2004]; *Matter of Novich*, 285 AD2d 136, 137 [2001]; *Matter of*

4

*Rosoff*, 274 AD2d 241, 242 [2000]; *Matter of David*, 145 AD2d 150, 151 [1989]; *Matter of Grossman*, 135 AD2d 1, 3 [1988]; *Matter of Reich*, 128 AD2d 329, 330 [1987]). Thus, a conviction pursuant to 15 USC §§ 78j and 78ff triggers automatic disbarment pursuant to Judiciary Law § 90 (4) (a) and (e) (*id.*). We note that this is especially true where, as here, the conviction results from a violation 15 USC § 78j (b) and § 78ff by virtue of violating 17 CFR 240.10b-5, the federal insider trading statute (*Marks* at 12; *Grossman* at 2-3; *Reich* at 330-331).

While upon a review of the indictment it is unclear whether respondent profited from the conduct giving rise to his federal conviction, the absence of profit does not preclude a finding that respondent violated General Business Law § 352-c (5) and (6), since in this context it is enough that respondent, as alleged in the indictment, engaged in "acts which constitute intent to defraud" for which he was convicted (*Reich* at 331).

Accordingly, the Committee's application should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 15, 2009, the date of his conviction.

ANDRIAS, J.P., FRIEDMAN, ACOSTA, DEGRASSE and ROMÁN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 15, 2009.