[940 NYS2d 577]

In the Matter of ROBERT M. SIMELS (Admitted as ROBERT MAT-TESON SIMELS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 13, 2012

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Robert Matteson Simels was admitted to the practice of law in the State of New York by the Second Judicial Department on February 26, 1975. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In June 2006, respondent, a criminal defense attorney, was retained by Shaheed "Roger" Khan (Khan) to represent him in a criminal prosecution. The United States alleged that Khan was operating an enterprise which imported large quantities of cocaine into the United States from Guyana. In the course of respondent's representation of Khan, federal agents began investigating respondent, his then law associate,* and Khan for conspiring to influence potential witnesses in Khan's upcoming trial.

On July 10, 2009, by superseding indictment, respondent was charged in a 13-count indictment in the United States District Court for the Eastern District of New York. Specifically, respondent was charged with one count of conspiracy to obstruct justice in violation of 18 USC § 1512 (b) (1) and (2) (A); eight counts of attempt to obstruct justice in violation of 18 USC § 1512 (b) (1) and (2) (A); one count of bribery in violation of 18 USC § 201 (c) (2); one count of making a false statement in violation of 18 USC § 1001 (a) (2); and one count each of importation and possession of eavesdropping equipment in violation of 18 USC § 2512 (1) (a) and (b).

On August 20, 2009, following a jury trial where the evidence demonstrated that respondent sought to use Khan's Guyana-based criminal organization to identify, locate, and tamper with potential witnesses in Khan's criminal trial, respondent was

---

* While the jury returned a guilty verdict against respondent's law associate, her conviction was subsequently set aside by Judge Gleeson, the judge who presided over her and respondent's criminal trial.

convicted of all counts in the superceding indictment, except count 11, which charged respondent with making a false statement. On December 4, 2009, respondent was sentenced, inter alia, to a prison term of 14 years followed by three years of supervised release.

On October 22, 2010, following and based on his conviction, respondent was disbarred by the United States District Court for the Eastern District of New York. On November 9, 2010, based on respondent's disbarment by the United States District Court for the Eastern District of New York, he was reciprocally disbarred by the United States Court of Appeals for the Second Circuit. On August 12, 2011, with the exception of respondent's conviction concerning the eavesdropping equipment, the United States Court of Appeals for the Second Circuit affirmed his conviction.

The Departmental Disciplinary Committee (Committee) petitions this Court for an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys on grounds that his federal conviction for bribery and conspiracy and/or attempt to obstruct are essentially similar to the New York offenses of bribing a witness (Penal Law § 215.00), a D felony, and tampering with a witness in the third degree (Penal Law § 215.11), an E felony. Thus, the Committee argues that upon respondent's federal conviction he was automatically disbarred pursuant to Judiciary Law § 90 (4) (a) and (e). Insofar as the Committee's submissions evince that respondent's conduct underlying his federal bribery conviction also constitutes bribery of a witness in this state, we agree that upon his federal conviction for bribery, respondent was automatically disbarred.

An attorney convicted of a felony, as defined by Judiciary Law § 90 (4) (e), is automatically disbarred (Judiciary Law § 90 [4] [a]). The Judiciary Law defines a felony as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]). Thus, a conviction of a federal felony does not trigger automatic disbarment in this state unless the offense also constitutes a felony under New York law (*Matter of Rosenthal*, 64 AD3d 16, 18 [2009]; *Matter of Christo*, 69 AD3d 157 [2009]; *Matter of Weiss*, 58 AD3d 203, 205-206 [2008]; *Matter of Sorin*, 47 AD3d 1, 3 [2007]; *Matter of*

*Amsterdam,* 26 AD3d 94, 96 [2005]; *Matter of Hug,* 10 AD3d 126, 128 [2004]; *Matter of Mercado,* 1 AD3d 54, 55 [2003]; *Matter of Kim,* 209 AD2d 127, 129 [1995]). When the out-of-jurisdiction statute pursuant to which an attorney stands convicted is facially analogous to a statute in this state, whose violation also constitutes a felony, disbarment pursuant to Judiciary Law § 90 (4) (a) and (e) is warranted (*Matter of Goberdhan,* 88 AD3d 208, 210 [2011]; *Matter of Gansman,* 73 AD3d 1, 3-4 [2010]). A felony committed in another jurisdiction, however, may also constitute a felony in this state even if there is no facial identity between the statute in the other jurisdiction and one under our Penal Law (*Matter of Margiotta,* 60 NY2d 147, 150 [1983]; *Matter of Cahn v Joint Bar Assn. Grievance Comm. for Second & Eleventh Jud. Dists.,* 52 NY2d 479, 482 [1981]; *Matter of Harnisch,* 7 AD3d 58, 59 [2004]). Instead, for purposes of Judiciary Law § 90 (4) (e), a felony committed in another jurisdiction need only be essentially similar to its New York analog, need not be its mirror image, and need not correspond in every detail (*Harnisch* at 59).

When the out-of-jurisdiction felony has no facially similar analog in this state, essential similarity may nevertheless be established by looking beyond the elements and wording of the out-of-jurisdiction felony and instead to respondent's conduct in the commission of the out-of-jurisdiction crime (*Matter of Weiss* at 206; *Matter of Sorin* at 3-4; *Matter of Amsterdam* at 96; *Matter of Hug* at 128-129; *Matter of Harnisch* at 59; *Matter of Mercado* at 55-56; *Matter of Kim* at 130). Then, the relevant issue is whether irrespective of the language of the out-of-jurisdiction statute, respondent's conduct underlying the out-of-jurisdiction conviction constitutes a felony in this state under our Penal Law (*id.*). To that end, we can consider respondent's admissions made under oath during a plea allocution, the indictment or information (*id.*), and other relevant information regarding and evincing respondent's conduct, such as a decision of another court (*Matter of Deutsch,* 286 AD2d 91, 93 [2001]). If respondent's conduct in the commission of the out-of-jurisdiction felony satisfies the elements of an otherwise facially dissimilar New York felony, essential similarity between the New York statute making respondent's conduct a felony and the out-of-jurisdiction statute under which respondent was convicted is deemed to exist (*Matter of Sorin* at 4; *Matter of Hug* at 130-131; *Matter of Harnisch* at 60; *Matter of Mercado* at 56).

Pursuant to 18 USC § 201 (c) (2), a person commits bribery when he/she "directly or indirectly, gives, offers, or promises

anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding.'' By contrast, under New York law, a person commits the crime of bribery of a witness, pursuant to Penal Law § 215.00, when he/she "confers, or offers or agrees to confer, any benefit upon a witness or a person about to be called as a witness in any action or proceeding *upon an agreement or understanding that (a) the testimony of such witness will thereby be influenced,* or (b) such witness will absent himself from, or otherwise avoid or seek to avoid appearing or testifying at, such action or proceeding" (emphasis added). Since bribery under Penal Law § 215.00 requires, at least in cases where the actor seeks to influence a witness's testimony, the existence of "an agreement or understanding that . . . the testimony of such witness will thereby be influenced" through the use of some benefit—an element notably absent from bribery under 18 USC § 201 (c) (2)—these statutes are facially dissimilar. In fact, a conviction under 18 USC § 201 (c) (2), in contrast to one under Penal Law § 215.00 can be obtained by less egregious conduct merely by compensating a witness before or after testimony is given, and absent any agreement or understanding that any benefit received by the witness is being provided to influence his/her testimony. Indeed, we previously confronted this very issue, albeit involving different statutes, and concluded that a New York statute whose violation requires receipt of a benefit to influence future action is not essentially similar to a federal statute which requires no such element as a predicate for its violation (*see Matter of Biaggi*, 141 AD2d 1, 4 [1988] [Penal Law § 200.10, which required that a violation thereof be premised upon conferring value to influence future action was essentially dissimilar to the 18 USC § 201 (g), which had no such element in its definition]).

Notwithstanding the facial dissimilarity between 18 USC § 201 (c) (2) and Penal Law § 215.00, the Committee's submission presented in support of this application establishes that respondent, in violating 18 USC § 201 (c) (2), also violated Penal Law § 215.00, such that his conduct constitutes a felony in this state. Accordingly, the Committee establishes that here, there is essential similarity between 18 USC § 201 (c) (2) and Penal Law § 215.00. Specifically, the Committee submits the superceding indictment in respondent's federal criminal case along with the trial testimony presented at trial. Read together, this evidence reveals that respondent's federal conviction for bribery stemmed

from his attempts to bribe the girlfriend of the prosecution's key witness in its case against Khan. More specifically, the evidence adduced at respondent's federal criminal trial establishes that respondent, through Khan's associate, arranged to pay this witness at least $5,000 if she signed an affidavit created by respondent, containing tailored and false testimony, and if she agreed to testify in accordance thereto at Khan's upcoming trial. Accordingly, by offering the witness money in exchange for tailored testimony at trial, respondent offered a benefit to a witness who he would then call to testify in an upcoming court proceeding, with the understanding that the witness's testimony would be influenced thereby. This constitutes bribery in this state under Penal Law § 215.00 and the Committee has therefore established that the conduct underlying respondent's federal conviction for bribery is also a felony in this state and that therefore, 18 USC § 201 (c) (2) and Penal Law § 215.00 are essentially similar.

Contrary to the Committee's assertion, respondent's federal convictions for conspiracy to obstruct justice (18 USC § 1512 [b] [1], [2] [A]) and attempt to obstruct justice (18 USC § 1512 [b] [1], [2] [A]) do not warrant automatic disbarment since the federal statute pursuant to which respondent was convicted is facially dissimilar to the purportedly analogous statutes in this state, to wit tampering with a witness in the third degree (Penal Law § 215.11). Moreover, nothing submitted by the Committee evinces that respondent's conduct, giving rise to the aforementioned convictions, also constitutes a felony in this state.

Accordingly, the Committee's petition is granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc, to August 20, 2009, the date of his conviction.

Gonzalez, P.J., Andrias, Saxe, Acosta and Román, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 20, 2009.