[965 NYS2d 424]

In the Matter of JED M.D. PHILWIN (Admitted as JED MATTHEW DAVID PHILWIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 14, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Jed M.D. Philwin*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Jed Matthew David Philwin was admitted to the practice of law in the State of New York by the Third Judicial Department on February 11, 1993. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By superseding information, respondent, in the United States District Court for the Southern District of New York, was charged with one count of conspiracy to commit immigration fraud, a felony, in violation of 18 USC §§ 371, 1001 and 1546 (a). Specifically, the superseding information alleged that between late 2003 and August 2008, respondent and his coconspirators, whose practice focused on immigration law, conspired to and did file thousands of fraudulent petitions and applications with the United States Department of Labor (DOL) and Citizenship and Immigration Services (CIS) in an effort to deceive CIS into adjusting the status of aliens on whose behalf such petitions and applications were submitted.* With respect to the petitions submitted to the DOL, it was alleged that respondent and his coconspirators conspired to and did falsely state that certain companies were willing to sponsor certain aliens when, in fact, respondent and his coconspirators knew that such companies either did not intend to support the aliens on whose behalf such applications were submitted, the companies listed did not exist, or were shell companies established for use in the fraudulent scheme.

Based on the foregoing, the superseding information alleged that respondent and others violated 18 USC § 1546 (a) by, inter alia, conspiring to, and actually willfully and knowingly making false statements—under oath and under the penalty of perjury—concerning material facts in an application, affidavit, and other documents required by the immigration laws. Moreover, it was alleged that respondent and others violated 18 USC § 1001 by, inter alia, conspiring to and willfully and knowingly falsifying and or concealing a material fact in a writing submitted in a matter within the jurisdiction of the executive branch of the government of the United States.

---

\* During the relevant time period, an alien could apply to adjust his or her immigration status by representing to the DOL that a United States employer wished to employ him or her. An alien who obtained a certification by the DOL could then use it to file an ETA-750 application with CIS in order to have his or her alien status adjusted to that of legal status in the United States.

On January 3, 2013, respondent appeared before Judge Naomi Reice Buchwald at the United States District Court for the Southern District of New York, and upon pleading guilty was convicted of the one count in the superseding information. Waiving indictment, respondent stated: "I worked in an immigration office with a number of people. We [agreed to and did] prepare[ ] various immigration forms which contained false information and submitted them to the United States government and to the Department of Labor. I submitted . . . well over a hundred such applications."

The Departmental Disciplinary Committee (Committee) petitions this Court for an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys on grounds that his federal conviction for conspiracy to commit immigration fraud, a felony, is essentially similar to the New York offense of offering a false statement for filing in the first degree (Penal Law § 175.35), a class E felony. Thus, the Committee argues that upon respondent's federal conviction he was automatically disbarred pursuant to Judiciary Law § 90 (4) (a) and (e). Respondent does not oppose the Committee's petition, admits most of the allegations contained therein, and merely requests that any order issued be stayed until May 1, 2013. Insofar as the Committee's submissions evince that respondent's conduct underlying his federal conviction for conspiracy to commit immigration fraud also constitutes offering a false statement for filing in the first degree in this state, we agree that upon his federal conviction, respondent was automatically disbarred.

An attorney convicted of a felony, as defined by Judiciary Law § 90 (4) (e), is automatically disbarred (Judiciary Law § 90 [4] [a]). The Judiciary Law defines a felony as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]). Thus, a conviction of a federal felony does not trigger automatic disbarment in this state unless the offense also constitutes a felony under New York law (*Matter of Rosenthal*, 64 AD3d 16, 18 [1st Dept 2009]; *Matter of Christo*, 69 AD3d 157 [1st Dept 2009], *lv dismissed* 14 NY3d 853 [2010]; *Matter of Weiss*, 58 AD3d 203, 205-206 [1st Dept 2008]; *Matter of Sorin*, 47 AD3d 1, 3 [1st Dept 2007]; *Matter of Amsterdam*, 26 AD3d 94, 96 [1st Dept 2005]; *Matter of*

*Kim,* 209 AD2d 127, 129 [1st Dept 1995]; *Matter of Hug,* 10 AD3d 126, 128 [1st Dept 2004]; *Matter of Mercado,* 1 AD3d 54, 55 [1st Dept 2003]).

When the out-of-jurisdiction statute pursuant to which an attorney stands convicted is facially analogous to a statute in this state, whose violation also constitutes a felony, the statutes are essentially similar and disbarment pursuant to Judiciary Law § 90 (4) (a) and (e) is automatic (*Matter of Goberdhan,* 88 AD3d 208, 210 [2d Dept 2011]; *Matter of Gansman,* 73 AD3d 1, 3-4 [1st Dept 2010]). A felony committed in another jurisdiction, however, may also constitute a felony in this state even if there is no facial identity between the statute in the other jurisdiction and one under our Penal Law (*Matter of Harnisch,* 7 AD3d 58, 59 [1st Dept 2004]; *Matter of Margiotta,* 60 NY2d 147, 150 [1983]; *Matter of Cahn v Joint Bar Assn. Grievance Commn. for Second & Eleventh Jud. Dists.,* 52 NY2d 479, 482 [1981]). Instead, for purposes of Judiciary Law § 90 (4) (e), a felony committed in another jurisdiction may be essentially similar to its New York analog, without being its mirror image, and despite not corresponding in every detail (*Matter of Harnisch* at 59; *Matter of Margiotta* at 150; *Matter of Cahn* at 482).

When the out-of-jurisdiction felony has no facially similar analog in this state, essential similarity may nevertheless be established by looking beyond the elements and wording of the out-of-jurisdiction felony and to respondent's conduct in the commission of the out-of-jurisdiction crime (*Matter of Weiss* at 206; *Matter of Sorin* at 3-4; *Matter of Amsterdam* at 96; *Matter of Hug* at 128-129; *Matter of Harnisch* at 59; *Matter of Mercado* at 55-56; *Matter of Kim* at 130). Then, the relevant issue is whether, irrespective of the language of the out-of-jurisdiction statute, respondent's conduct underlying the out-of-jurisdiction conviction constitutes a felony in this state under our Penal Law. To that end, we can consider respondent's admissions made under oath during a plea allocution, the indictment or information (*Matter of Weiss* at 206; *Matter of Sorin* at 3-4; *Matter of Amsterdam* at 96; *Matter of Hug* at 128-129; *Matter of Harnisch* at 59; *Matter of Mercado* at 55-56; *Matter of Kim* at 130), and other relevant information regarding and evincing respondent's conduct, such as a decision of another court (*Matter of Deutsch,* 286 AD2d 91, 93 [1st Dept 2001]). If respondent's conduct in the commission of the out-of-jurisdiction felony satisfies the elements of an otherwise facially dissimilar New York felony, essential similarity between the New York statute making

respondent's conduct a felony and the out-of-jurisdiction statute under which respondent was convicted is deemed to exist (*Matter of Sorin* at 4; Matter *of Hug* at 130-131; *Matter of Harnisch* at 60; *Matter of Mercado* at 55-56).

Here, as we previously held, the federal felony of conspiracy to commit immigration fraud is facially analogous to this state's crime of offering false instrument for filing in the first degree and therefore these statutes are essentially similar (*Matter of David*, 102 AD3d 23, 25 [1st Dept 2012]; *Matter of Ramirez*, 7 AD3d 52, 53 [1st Dept 2004]; *Matter of Porges*, 297 AD2d 1, 3 [1st Dept 2002]). Specifically, pursuant to 18 USC § 1546 (a), a person commits fraud, when, inter alia, he

> "knowingly makes under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact."

Furthermore, a person commits fraud under 18 USC § 1001 (a), when "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, [he, inter alia,] knowingly and willfully . . . makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry." A person commits the crime of offering a false instrument for filing (Penal Law § 175.35) when,

> "knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public benefit corporation of the state, he [or she] offers or presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation."

Based on the foregoing, a person commits conspiracy to commit immigration fraud (18 USC §§ 371, 1546 [a]; 1001) by, inter

alia, submitting false statements in an application or writing submitted to the government. Moreover, a person commits this state's crime of offering a false statement for filing (Penal Law § 175.35) by submitting false statements within a writing submitted to the state or any political subdivision. Accordingly, the foregoing federal and state statutes are facially similar and therefore essentially similar.

Moreover, even if the foregoing statutes were facially dissimilar, insofar as respondent, at his plea allocution, stated that he submitted immigration forms to the government knowing that they contained false information, he submitted a written instrument with knowledge that it contained "a false statement or false information, and with intent to defraud the state or any political subdivision" (Penal Law § 175.35). Thus, respondent, by his actions, offered a false instrument for filing in the first degree and for this additional reason we find essential similarity between the federal statutes under which respondent was convicted and Penal Law § 175.35 (*Matter of Diaz*, 98 AD3d 158, 159-160 [1st Dept 2012]).

Because as the federal felony charge of conspiracy to commit immigration fraud is essentially similar to the New York felony of offering a false instrument for filing in the first degree, respondent was automatically disbarred upon conviction (Judiciary Law § 90 [4] [a]; *Matter of Velella*, 11 AD3d 50, 51 [1st Dept 2004]).

Accordingly, the Committee's petition is granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc, to January 3, 2013, the date of his conviction.

GONZALEZ, P.J., SAXE, MOSKOWITZ, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent disbarred, and has name stricken from the rolls of attorneys and counselors-at-law in the State of New York, nunc pro tunc to January 3, 2013.