[826 NYS2d 82]

In the Matter of GARI W. POWDER (Admitted as GARI WAYNE POWDER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 21, 2006

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee reports that on December 13, 2002, the respondent entered a plea of guilty to one count of bank fraud, a felony, pursuant to 18 USC § 1344, before the Honorable Arlene R. Lindsay, United States Magistrate Judge, in the United States District Court, Eastern District of New York. During the plea allocution, the respondent acknowledged his understanding that the government would have to establish, beyond a reasonable doubt, the following elements of the crime: that he knowingly and intentionally executed a scheme or artifice to defraud, that it was intended to defraud the financial institution of Dupont Funding and Equity Credit (hereinafter Dupont) and other banking institutions, that the purpose of the scheme of fraud was to obtain money and funds under the custody and control of that financial institution, and that it would be done by means of false, fraudulent pretenses or representations. The respondent specifically admitted that from approximately August 1999 through July 2000, within the Eastern District of New York and elsewhere, he submitted attorney escrow letters to Dupont in support of residential mortgage loan applications knowing that the escrow letters contained false statements and representations regarding his receipt of deposit monies for mortgage applications or from mortgage applicants. He submitted those letters with the intent to defraud and made false representations knowing that Dupont would disburse loan proceeds.

The respondent was sentenced on December 21, 2005, by the Honorable Sandra J. Feuerstein, to serve one day in the custody of the United States Marshal in Central Islip. Upon his release from incarceration, the respondent was sentenced to supervised release for a term of five years, with the first six months of the period of supervision served on home confinement. A further condition of the supervised release required the respondent to notify all remaining clients of his law practice within 30 days from the date of the judgment that he would no longer be practicing law.

The federal felony of bank fraud has been held to be essentially similar to the New York felonies of grand larceny in the second degree, in violation of Penal Law § 155.40, and scheme to defraud in the first degree, in violation of Penal Law § 190.65 (*see Matter of Stern,* 303 AD2d 47, 48 [2003]; *see also Matter of Constantino,* 225 AD2d 101, 102 [1996]; *Matter of Kat-*

*saros,* 212 AD2d 257, 258 [1995]; *Matter of Kelly,* 205 AD2d 56, 57 [1994]).

Judiciary Law § 90 (4) mandates that an attorney's name be stricken from the roll of attorneys upon his or her conviction of a New York State felony. Accordingly, the Grievance Committee's motion is granted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and LIFSON, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Gari W. Powder, admitted as Gari Wayne Powder, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Gari W. Powder, admitted as Gari Wayne Powder, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Gari W. Powder, admitted as Gari Wayne Powder, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).