[848 NYS2d 314]

In the Matter of JOHN M. CLAYDON, JR. (Admitted as JOHN MITCHELL CLAYDON, JR.), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 18, 2007

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cippollone* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On March 30, 2007, following a plea of guilty, the respondent was sentenced by the Superior Court of the State of Connecticut for multiple counts of larceny in the first degree, in violation of Connecticut General Statutes § 53a-119 (1) and § 53a-122 (a) (2), a class B felony; multiple counts of larceny in the second degree, in violation of Connecticut General Statutes § 53a-119 (1) and § 53a-123 (a) (2), a class C felony; and multiple counts of larceny in the third degree, in violation of Connecticut General Statutes § 53a-119 (1) and § 53a-124 (a) (2), a class D felony. He was sentenced to 20 years imprisonment, to be suspended after he served 15 years on the top counts, and lesser terms of imprisonment on the lower counts to be served concurrently.

In addition, upon a plea of guilty, the respondent was sentenced on March 30, 2007, under a separate indictment, by the Superior Court of the State of Connecticut for multiple counts of larceny in the first degree, in violation of Connecticut General Statutes § 53a-119 (1) and § 53a-122 (a) (2), a class B felony; multiple counts of larceny in the second degree, in violation of Connecticut General Statutes § 53a-119 (1) and § 53a-123 (a) (2), a class C felony; and multiple counts of larceny in the third degree, in violation of Connecticut General Statutes § 53a-119 (1) and § 53a-124 (a) (2), a class D felony. He was sentenced to 20 years imprisonment, to be suspended after he served 15 years on the top counts, and lesser terms of imprisonment on the lower counts to be served concurrently. The terms of imprisonment imposed under the two indictments were to run concurrently.

Further, the respondent was sentenced, after a plea of guilty, to one count of bank fraud, in violation of 18 USC § 1344. He was sentenced on March 12, 2007, in the United States District Court for the District of Connecticut to five years' imprisonment, in addition to three years of supervised release after his release from prison, and was directed to make restitution in the sum of $733,562.51.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

"The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The Connecticut offenses of larceny in the first degree and larceny in the second degree are essentially similar to the New York felony of grand larceny in the third degree, in violation of Penal Law § 155.35, a class D felony. The Connecticut offense of larceny in the third degree is essentially similar to the New York felony of grand larceny in the fourth degree, in violation of Penal Law § 155.30, a class E felony.

A violation of 18 USC § 1344 has been held by this Court to be essentially similar to the New York State felonies of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony, and scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony (*see Matter of Powder*, 36 AD3d 283 [2006]; *Matter of Stern*, 303 AD2d 47 [2003]; *Matter of Constantino*, 225 AD2d 101 [1996]).

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his felony convictions. Accordingly, the motion of the Grievance Committee for the Ninth Judicial District is granted and, effective immediately, the respondent's name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, CRANE, RIVERA and SPOLZINO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, John M. Claydon, Jr., admitted as John Mitchell Claydon, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, John M. Claydon, Jr., admitted as John Mitchell Claydon, Jr., shall comply with this Court's

rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, John M. Claydon, Jr., admitted as John Mitchell Claydon, Jr., is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney, or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, John M. Claydon, Jr., admitted as John Mitchell Claydon, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).