■ In the Matter of DUNCAN B. HUME, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [881 NYS2d 923]—

Per Curiam. Respondent was admitted to practice by this Court in 1971. He was also admitted to practice in Connecticut in 1975.

In July 2008, respondent was sentenced in Connecticut Superior Court upon his plea of guilty to larceny in the third degree, a felony offense (Conn Gen Stat § 53a-124), to five years of incarceration, execution suspended, five years of probation, and $44,850 restitution. Respondent's conviction resulted from his conversion of client funds in his escrow account.

The Connecticut felony is essentially similar to Penal Law

§ 155.30, grand larceny in the fourth degree, a class E felony, and respondent ceased to be an attorney and counselor-at-law in the State of New York upon his conviction in Connecticut (*see* Judiciary Law § 90 [4] [a]; *Matter of Claydon*, 48 AD3d 146 [2007]).

We therefore grant petitioner's instant motion to strike respondent's name from the roll of attorneys, effective immediately. Respondent has not replied to or otherwise appeared on the motion.

Mercure, J.P., Spain, Kavanagh, Stein and Garry, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).