[925 NYS2d 526]

In the Matter of ROMAN MAVASHEV, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND
THIRTEENTH JUDICIAL DISTRICTS, Petitioners.

Second Department, June 21, 2011

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel),
for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On March 11, 2010, the respondent was found guilty, after a jury trial, in the United States District Court for the Eastern District of New York, on all counts of a superseding indictment which charged him with the following crimes: conspiracy to commit bank fraud, in violation of 18 USC §§ 1349 and 1344, a class B felony; conspiracy to commit wire fraud, in violation of 18 USC §§ 1349 and 1343, a class B felony; and bank fraud (three counts), in violation of 18 USC § 1344, a class B felony. He was sentenced on October 12, 2010 to a term of imprisonment of 120 months on each count, to run concurrently, and directed to pay the sum of $2,784,753 in restitution and the sum of $500 as an assessment. In addition, the respondent was directed to comply with an order of forfeiture with respect to the sum of $541,750, which represents the proceeds of his crimes.

Between February and December 2005, the respondent participated in a mortgage fraud scheme, and was ultimately convicted of criminal charges in connection with that participation. He, together with others, owned and operated a residential mortgage brokerage agency called New Generation Funding. As a licensed mortgage broker, New Generation Funding held itself out as an entity that gathered information from prospective borrowers, including income, assets, liabilities, and creditworthiness, and then presented this information to various mortgage lenders in an effort to induce them to lend money to the borrowers for use in purchasing real property. The respondent, together with others, used New Generation Funding to obtain mortgage loans from several funding institutions. The applications for the loans submitted contained materially false information about the borrowers, including grossly inflated income and assets, false employment information, and fraudulent identity documents, and failed to disclose all liabilities. In some cases, the respondent submitted fraudulent information pertaining to a single borrower to multiple lenders to purchase multiple properties, with each property's loan being funded by a different mortgage lender who was not informed about the other near-simultaneously acquired loans.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony.

> Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of bank fraud has been held to be essentially similar to the New York felonies of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony, and scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony (*see Matter of Powder*, 36 AD3d 283 [2006]; *Matter of Stern*, 303 AD2d 47 [2003]).

Although served with a copy of this motion via counsel, the respondent, who is presently incarcerated, has neither submitted a response nor requested additional time in which to submit a response.

By virtue of his federal felony conviction, the respondent was automatically disbarred on March 11, 2010, and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted, to reflect the respondent's disbarment on March 11, 2010.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Roman Mavashev, is disbarred, effective March 11, 2010, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Roman Mavashev, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Roman Mavashev, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge,

justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Roman Mavashev, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).