[928 NYS2d 767]

In the Matter of CHEDDI B. GOBERDHAN (Admitted as CHEDDI BASSANT GOBERDHAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 30, 2011

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette Landers* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On January 10, 2011, the respondent pleaded guilty in the United States District Court for the Southern District of New York, before the Honorable Shira A. Sheindlin, to (1) conspiracy to commit bank fraud and wire fraud, in violation of 18 USC §§ 1343 and 1344 (count 1), and (2) bank fraud, in violation of 18 USC § 1344 (counts 2, 5, 6, 7, 8 and 9), all federal felonies. On June 7, 2011, he was sentenced to five years' imprisonment and directed to pay restitution in the amount of $900,000, and to forfeit $57,430.

As revealed in the indictment and plea minutes, the respondent's convictions were based on his role in a mortgage fraud scheme, which lasted from 2005 through October 2007. The conspiracy count alleged that the respondent, together with others, prepared and submitted applications and documentation for home mortgage loans containing false and misleading information in order to induce lenders to make loans, totaling over $23 million, to persons to whom, and under terms which, the lenders would not have made. The respondent admitted during his plea allocution that, as the closing attorney, he had the lender banks wire the proceeds to his IOLA account, and then distributed the funds to other members of the conspiracy. He further admitted that he knew that the funds received were based on false representations and he knew that what he did was wrong. The remaining substantive counts alleged the same with respect to specific transactions. For instance, count 2 charges bank fraud with regard to a property located at 126-38 145th Street in Jamaica. The respondent allegedly participated in a scheme to defraud Fremont Investment and Loan Company by taking home mortgage loans totaling approximately $460,000 through the use of false statements. The respondent admitted that, as the closing attorney, he had the lender wire the funds to his IOLA account, and pursuant to the scheme, he would distribute the funds to the other members of the conspiracy. Similarly, the respondent admitted that he knew that the funds received were based on false representations and that he knew what he did was wrong.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony.

> Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of bank fraud has been held to be essentially similar to the New York felonies of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony, and scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony (*see Matter of Powder*, 36 AD3d 283 [2006]; *Matter of Stern*, 303 AD2d 47 [2003]).

Although personally served with a copy of this motion, the respondent has neither submitted a response nor requested additional time in which to submit a response.

By virtue of his federal felony convictions, the respondent was automatically disbarred and ceased to be an attorney, pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment on January 10, 2011.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and AUSTIN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Cheddi B. Goberdhan, admitted as Cheddi Bassant Goberdhan, was disbarred, effective January 10, 2011, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Cheddi B. Goberdhan, admitted as Cheddi Bassant Goberdhan, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Cheddi B. Goberdhan, admitted as Cheddi Bassant Goberdhan, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice,

board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Cheddi B. Goberdhan, admitted as Cheddi Bassant Goberdhan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).