[942 NYS2d 566]

In the Matter of ALEXANDER M. KAPLAN (Admitted as ALEXANDER MICHAEL KAPLAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 17, 2012

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Myron C. Martynetz* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On February 6, 2009, the respondent was found guilty in the United States District Court for the Southern District of New York, upon a jury verdict, of: (1) conspiracy to commit bank fraud, wire fraud, and mail fraud (count 1), (2) bank fraud (counts 5 to 7, 10, 13, and 14), and (3) wire fraud (counts 8, 9, 17 to 21, 23, and 25 to 27), a total of 18 felony counts, in violation of 18 USC §§ 1341, 1343, 1344 and 1349.

By decision and order on motion of this Court dated July 21, 2009, the respondent was suspended from the practice of law based on his conviction of a serious crime, pursuant to Judiciary Law § 90 (4) (f), and was directed to apprise the Court upon being sentenced.

On June 17, 2011, the respondent was sentenced before the Honorable Richard J. Holwell, United States District Court for the Southern District of New York, to 46 months' imprisonment, and to a total of five years of supervised release. In addition, he was directed to pay a fine in the amount of $15,000, an assessment fee in the amount of $1,800, and restitution.

As revealed in the indictment, the respondent and various coconspirators engaged in an illegal scheme to defraud various lenders by submitting applications and supporting documentation for mortgages and home equity loans with false or misleading information in order to induce those lenders to make loans to persons and at terms that the lenders otherwise would not have funded. As part of the scheme to defraud, respondent and his coconspirators used "straw buyers" in order to conceal their ownership interest in the targeted properties. The respondent served as the closing attorney and settlement agent for the lenders in connection with the purchase and sale of real estate funded by the loans that were fraudulently obtained. He prepared or caused to be prepared various documents in support of a closing, submitted or caused to be submitted documents to lenders before and during a closing, participated in the closing of loans, and disbursed the fraudulently obtained loan proceeds.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States

where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of bank fraud has been held to be essentially similar to the New York felonies of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony, and scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony (*see Matter of Powder*, 36 AD3d 283 [2006]; *Matter of Stern*, 303 AD2d 47 [2003]).

Although personally served with a copy of this motion, the respondent has neither submitted a response nor requested additional time in which to submit a response. He is presently incarcerated at McKean Federal Correction Institution in Lewis Run, Pennsylvania.

By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted, to reflect the respondent's disbarment as of February 6, 2009.

Mastro, A.P.J., Rivera, Skelos, Dillon and Dickerson, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Alexander M. Kaplan, admitted as Alexander Michael Kaplan, is disbarred, effective February 6, 2009, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Alexander M. Kaplan, admitted as Alexander Michael Kaplan, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Alexander M. Kaplan, admitted as Alexander Michael Kaplan, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge,

justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that, if the respondent, Alexander M. Kaplan, admitted as Alexander Michael Kaplan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).