*174 OPINION OF THE COURT
Per Curiam.
On November 1, 2011, the respondent was found guilty, after a jury trial, in the United States District Court for the Southern District of New York, before the Honorable Colleen McMahon, of: (1) conspiracy to commit bank fraud, in violation of 18 USC § 1349; (2) three counts of bank fraud, in violation of 18 USC § 1344; and (3) money laundering, in violation of 18 USC § 1956 (a) (1) (B) (i). According to a transcript of the jury’s verdict, in 2002, the respondent submitted materially false statements to (1) First National Bank of Arizona in order to procure a home mortgage loan in the amount of $1.5 million for a property located at 28 Braeburn Drive in Purchase, (2) Washington Mutual Bank, in order to procure a home mortgage loan in the amount of $1.7 million for the property located at 28 Braeburn Drive in Purchase, and (3) Lehman Brothers Bank, FSB, in order to procure a home mortgage loan in the amount of $1 million for a property located at 116 Lake Shore Drive in Eastchester.
As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150 [1983]):
“The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it ‘would constitute a felony in this state.’ (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity.”
The federal felony of bank fraud has been held to be essentially similar to the New York felonies of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony, and scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony (see Matter of Mavashev, 86 AD3d 297 [2011]; Matter of Powder, 36 AD3d 283 [2006]; Matter of Stern, 303 AD2d 47 [2003]).
Although served with a copy of this motion, via first class mail, the respondent has neither submitted a response nor requested additional time in which to submit a response.
By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).
*175 Accordingly, the motion to strike the respondent’s name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent’s disbarment on November 1, 2011.
Mastro, A.P.J., Rivera, Skelos, Dillon and Sgroi, JJ., concur.
Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Louis E. Cherico, is disbarred, effective November 1, 2011, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Louis E. Cherico, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Louis E. Cherico, is commanded to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Louis E. Cherico, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).