[971 NYS2d 473]

In the Matter of MATTHEW BURSTEIN, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND
THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 25, 2013

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On July 26, 2012, the respondent was found guilty, after a jury trial in the United States District Court for the Eastern District of New York, of one count of conspiracy to commit bank and wire fraud, in violation of 18 USC § 1349, two counts of wire fraud, in violation of 18 USC § 1343, and seven counts of bank fraud, in violation of 18 USC § 1344. He is awaiting sentencing. As alleged in a superseding indictment, the respondent, together with others, was engaged in a massive fraudulent mortgage scheme involving the use of straw buyers.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of bank fraud is essentially similar to the New York felonies of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony, and scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony (*see Matter of Cherico*, 99 AD3d 173 [2012]; *Matter of Mavashev*, 86 AD3d 297 [2011]; *Matter of Powder*, 36 AD3d 283 [2006]; *Matter of Stern*, 303 AD2d 47 [2003]).

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts moves to strike the respondent's name from the roll of attorneys and counselors-at-law. Although served with a copy of the motion papers, via first class mail, the respondent has neither submitted a response nor requested additional time in which to do so.

By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judi-

ciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment effective July 26, 2012.

ENG, P.J., MASTRO, RIVERA, SKELOS and SGROI, JJ., concur.

Ordered that the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Matthew Burstein, is disbarred, effective July 26, 2012, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Matthew Burstein, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Matthew Burstein, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Matthew Burstein, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).