[991 NYS2d 330]

In the Matter of BENJAMIN J. TURNER (Admitted as BENJAMIN JACOB TURNER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 27, 2014

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On October 25, 2013, the respondent was found guilty, after a jury trial in the United States District Court for the Eastern District of New York, of: (1) conspiracy to commit bank fraud and wire fraud, in violation of 18 USC § 1349; (2) bank fraud, in violation of 18 USC § 1344; and (3) aggravated identity theft, in violation of 18 USC § 1028A (a) (1). As revealed in the superseding indictment, from approximately May 2006 until approximately November 2008, the respondent, together with others, was engaged in a fraudulent mortgage scheme involving the use of straw buyers.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of bank fraud has been held to be essentially similar to the New York felonies of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony, and scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony (*see Matter of Burstein*, 111 AD3d 112 [2013]; *Matter of Rabinowitz*, 109 AD3d 348 [2013]; *Matter of Cherico*, 99 AD3d 173 [2012]; *Matter of Mavashev*, 86 AD3d 297 [2011]; *Matter of Powder*, 36 AD3d 283 [2006]).

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b), based upon his felony conviction. Although personally served with a copy of this motion on March 24, 2014, the respondent has neither submitted a response nor requested additional time in which to do so.

By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) is granted to reflect the respondent's automatic disbarment on October 25, 2013.

Mastro, J.P., Rivera, Skelos, Dillon and Balkin, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Benjamin J. Turner, admitted as Benjamin Jacob Turner, is disbarred, effective October 25, 2013, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Benjamin J. Turner, admitted as Benjamin Jacob Turner, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Benjamin J. Turner, admitted as Benjamin Jacob Turner, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Benjamin J. Turner, admitted as Benjamin Jacob Turner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).