Matter of Giannakos (2017 NY Slip Op 08666)





Matter of Giannakos


2017 NY Slip Op 08666


Decided on December 13, 2017


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
COLLEEN D. DUFFY, JJ.


2017-07576

[*1]In the Matter of Constantine C. Giannakos, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Constantine C. Giannakos, respondent. (Attorney Registration No. 3051877)



MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 21, 2000.



Diana Maxfield Kearse, Brooklyn, NY (Colette M. Landers of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On August 21, 2012, in the United States District Court for the Southern District of New York, the respondent pleaded guilty to one count of conspiracy to commit wire and bank fraud, in violation of 18 USC § 1349; two counts of wire fraud, in violation of 18 USC §§ 2 and 1343; and one count of bank fraud, in violation of 18 USC §§ 2 and 1344. The respondent was sentenced on March 15, 2016, to a three-year term of probation on each count, to run concurrently, and fined $400.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), based upon his conviction of a felony. Although duly served with the instant motion, the respondent has not submitted any papers in opposition or requested additional time in which to do so.
Pursuant to Judiciary Law § 90(4), a lawyer is automatically disbarred upon his or her conviction of a felony committed under the laws of this state. A conviction of a felony under federal law that is essentially similar to a felony under New York law also triggers automatic disbarment. As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150):
"The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, [*2]precisely corresponding in every detail, but it must have essential similarity."
As the Grievance Committee correctly contends, bank fraud, in violation of 18 USC § 1344, a federal felony, has been determined to be essentially similar to the New York felony of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony, and scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony (see Matter of Berkowsky, 127 AD3d 175; Matter of Rabinowitz, 109 AD3d 348; Matter of Mavashev, 86 AD3d 297).
By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's disbarment as of August 21, 2012.
ENG, P.J., MASTRO, RIVERA, DILLON and DUFFY, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Constantine C. Giannakos, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Constantine C. Giannakos, is disbarred, effective August 21, 2012, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Constantine C. Giannakos, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Constantine C. Giannakos, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Constantine C. Giannakos, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court