Matter of Meno (2019 NY Slip Op 06135)





Matter of Meno


2019 NY Slip Op 06135


Decided on August 8, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: August 8, 2019
[*1]
In the Matter of RICHARD A. MENO, a Suspended Attorney.
 
(Attorney Registration No. 1983782)

Calendar Date: July 22, 2019




Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
 Respondent was admitted to practice by this Court in 1985 and was previously admitted in his home state of Connecticut in 1978. Respondent has been suspended since 2014 in this state, however, due to his failure to comply with his attorney registration requirements, having last registered for the 2007-2008 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1043 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). In December 2015, respondent was convicted in Connecticut of larceny in the second degree in connection with his misappropriation of more than $18,000 from an estate he had administered (see Conn Gen Stat § 53a—123 [a] [2]). Based on that misappropriation, respondent admitted that he engaged in professional misconduct and consented to discipline in Connecticut. Accordingly, the Superior Court of Connecticut of the Judicial District of Stamford/Norwalk, among other things, suspended respondent from the practice of law for a term of eight years and two months. Based on the foregoing, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, pursuant to Judiciary Law § 90 (4) (a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (a), to strike respondent's name from the roll of attorneys in this state due to his felony conviction. Alternatively, AGC moves, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13, to impose discipline upon respondent in this state based upon his misconduct in Connecticut. Respondent has not replied to AGC's motion or otherwise submitted any documentation in mitigation.
Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and [counselor]-at-law who shall be convicted of a felony as defined in [Judiciary Law § 90 (4) (e)], shall[,] upon such conviction, cease to be an attorney and [counselor]-at-law." Criminal offenses that suffice for automatic disbarment pursuant to Judiciary Law § 90 (4) (a) include those "committed in any other state, district, or territory of the United States and classified as a felony therein which[,] if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]). "The predicate foreign felony need not be a 'mirror image' of the New York felony; rather, the felonies must have 'essential similarity,' which is determined through a comparison of the language of the applicable statutes along with any precedent pertaining to the foreign felony at issue" (Matter of Hand, 164 AD3d 1006, 1007-1008 [2018], quoting Matter of Margiotta, 60 NY2d 147, 150 [1983]).
AGC seeks to strike respondent's name from the roll of attorneys based upon his conviction of larceny in the second degree, a class C felony in Connecticut (see Conn Gen Stat § 53a—123 [c]). Pursuant to Connecticut General Statutes § 53a—123 (a) (2), "[a] person is guilty of larceny in the second degree when he [or she] commits larceny, as defined in section 53a-119, and . . . the value of the property or service exceeds [$10,000]." Further, Connecticut law states that "[a] person commits larceny when, with intent to deprive another of property or to appropriate the same to himself [or herself] or a third person, he [or she] wrongfully takes, obtains or withholds such property from an owner" (Conn Gen Stat Ann § 53a-119). Similarly, Penal Law § 155.35 (1) states that a person is guilty of the class D felony of "grand larceny in the third degree when he or she steals property and . . . when the value of the property exceeds [$3,000]." A person commits larceny in New York when, "with intent to deprive another of property or to appropriate the same to himself [or herself] or to a third person, he [or she] wrongfully takes, obtains or withholds such property from an owner thereof" (Penal Law § 155.05 [1]). Based on a plain reading of the relevant statutes, we find that the Connecticut statute for larceny in the second degree is essentially similar to the New York felony of grand larceny in the third degree and is a proper predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (a) (see Matter of Claydon, 48 AD3d 146, 148 [2007]; see also Matter of Goncalves, 161 AD3d 1377, 1379 [2018]; Matter of Giordano, 282 AD2d 925, 925 [2001]). Accordingly, we grant AGC's motion and strike respondent's name from the roll of attorneys in this state and counselors-at-law nunc pro tunc to the date of his December 3, 2015 guilty plea (see Matter of Sherwood, 164 AD3d 1539, 1540 [2018]; see also Matter of Percoco, 171 AD3d 1450, 1452 [2019]).[FN1]
Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to December 3, 2015; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Because respondent was disbarred by operation of law, we need not address AGC's alternative request to discipline him based upon the misconduct leading to his suspension in Connecticut (see e.g. Matter of Goncalves, 161 AD3d at 1380 n 4).