158

[947 NYS2d 779]

In the Matter of MARITZA DIAZ, an Attorney, Respondent. DE-PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 10, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Ann E. Scherzer* of counsel), for petitioner.

*Tesser, Ryan & Rochman, LLP* (*Irwin Rochman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Maritza Diaz was admitted to the practice of law in the State of New York by the Second Judicial Department on November 27, 1996. At all times relevant to the proceeding, respondent maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys based on her federal conviction for conspiracy to make false statements in violation of 18 USC § 371, which the Committee contends is analogous to the New York felony conviction of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35.

In the federal case, respondent was charged with participating in a systematic immigration fraud between 2003 and 2007, in which she and her coconspirators allegedly filed with the U.S. Department of Labor and U.S. Citizenship and Immigration Services thousands of fraudulent applications for labor certifications and petitions for adjustment of legal status based on phony claims that employers had "sponsored" the illegal aliens for employment in the United States.

We look to respondent's plea allocution to ascertain whether "essential similarity" is established between respondent's offense and a New York felony so as to serve as a predicate for automatic disbarment (*see Matter of Sorin*, 47 AD3d 1 [2007]). During her plea allocution, respondent admitted:

> "During the time stated in the [indictment], in agreement with others, I submitted immigration petitions on behalf of aliens which I knew contained false information to U.S. agencies, including the Department of Labor, and I knew that the U.S. agencies rely on that false information to make a determination on the immigration case. I knew what I did was wrong."

Respondent's admitted conduct of knowingly and intentionally submitting immigration documents containing false information to federal agencies corresponds to the New York felony

of offering a false instrument for filing in the first degree (Penal Law § 175.35), and is therefore a proper predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (b) and (e).

Accordingly, the Committee's petition for an order should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to March 14, 2011

MAZZARELLI, J.P., SAXE, MOSKOWITZ, FREEDMAN and MANZANET-DANIELS, JJ., concur.