OPINION OF THE COURT
Per Curiam.
Respondent Martin Weisberg was admitted to the practice of law in the State of New York by the Second Judicial Department on February 25, 1976 under the name Martin Eric Weisberg. At all times relevant to the proceeding, respondent maintained an office for the practice of law within the First Department.
The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent’s name from the roll of attorneys based on his federal conviction for conspiracy to commit securities fraud, in violation of 18 USC § 371 and 15 USC §§ 78j (b) and 78ff, which the Committee contends is analogous, inter alia, to the New York felony of offering a false statement for filing in the first degree (Penal Law § 175.35). Respondent, through counsel, consents to his name being stricken from the rolls.
We look to respondent’s plea allocution to ascertain whether “essential similarity” is established between respondent’s offense and a New York felony so as to serve as a predicate for automatic disbarment (see Matter of Sorin, 47 AD3d 1 [1st Dept 2007]). During his plea allocution, respondent admitted
“Between April 1, 2001, and December 2004, I agreed, with others, to file certain false disclosure documents with the Securities & Exchange Commission. I did not accurately describe certain securities transactions known as private investment in public equity, or ‘PIPE’ transactions, for Xybernaut Corporation. Through the PIPE transactions, certain investment entities obtained discounted shares of Xybernaut stock in return for the investment. ... I agreed, with other individuals, that part of the share price discount for certain Xybernaut shares would be paid to a third-party company as a so-called finders fee. In fact, there was no finder and a so-called finders fee was just paid to the individuals associated with the investment entity. So it was, effectively, an additional discount. I knew that this false finders fee explanation would be *85 included in the disclosure documents filed with the SEC.”
Respondent’s admitted conduct of intentionally filing falsified documents with the SEC corresponds to the New York felony of offering a false statement for filing in the first degree (Penal Law § 175.35), and is therefore a proper predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (b) and (e).
Accordingly, the Committee’s petition should be granted, and respondent’s name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (b) and (e), effective nunc pro tunc to May 21, 2012.
Gonzalez, PJ., Saxe, Abdus-Salaam, Manzanet-Daniels and Román, JJ., concur.
Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 21, 2012.