| |
|---|
| **McClendon v New York City Tr. Auth.** |
| 2025 NY Slip Op 31020(U) |
| March 31, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 4489/2012 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 31st day of March 2025.

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

FREDERICK MCCLENDON and ALEXIA MCCLENDON,          **DECISION & ORDER**
                                                    Index No.:    4489/2012
                          *Plaintiff(s),*

                                                    Motion Seq.:   009
          -*against*-

NEW YORK CITY TRANSIT
AUTHORITY, and BYRON JOHNS JR.,

                          *Defendant(s).*

*Recitation of the following papers as required by CPLR 2219(a):*

                                                              **Papers**
                                                              **Numbered**

Notice of Motion, Affirmation, and Exhibits (NYSCEF 43-47) ......................1, 2
Memorandum of Law and Exhibit in Opposition (NYSCEF 48-49)...................3

Trial Extract and Verdict Sheet (NYSCEF 55).......................................................4
Order dated 9/19/2024 (NYSCEF 56) ...................................................................5

*Upon the foregoing papers and after a hearing, the decision and order of the Court is as*

*follows:*

After a trial on damages on 5/15/2024, a jury returned a verdict in plaintiff's favor as

follows (NYSCEF 55, pp.10-13):

1) Past Pain and Suffering.........................................$15,000,000.00
2) Future Pain and Suffering (20 years)...................$20,000,000.00
3) Past Loss of Earnings...........................................$1,310,586.00
4) Future Loss of Earnings (15 years).........................$673,602.00
5) Past Medical Expenses...........................................$200,000.00
6) Future Medical Expenses (10 years)....................$1,000,000.00
7) Past Loss of Services ...........................................$5,000,000.00
8) Future Loss of Services (20 years).....................$10,000,000.00

On 6/25/2024, defendant filed this motion seeking a hearing and decision on the issue of reducing the jury's verdict for past and future loss of earnings and medical expenses pursuant to CPLR § 4545. Plaintiff filed a proposed judgment on 7/17/2024 (NYSCEF 50). An interim order was issued 9/19/2024 directing a collateral source hearing on 11/13/2024 but it was adjourned to 2/13/2025 (NYSCEF 56).

Defendant's Exhibits A through C were marked for identification. Plaintiff's objections to Exhibits A and C were sustained. Exhibit B, the "Summary Table of Collateral Source Offsets," was admitted into evidence (Tr. 39:22-25, 40:1-6). Defendants seek a collateral source offset of $1,792,513.00, thereby reducing the jury's verdict for past and future loss of earnings and medical expenses to $191,675 (39:1-9).

Defendant's economist, Leonard Friefelder, was sworn in as a witness and qualified as an expert without objection by plaintiff (pp.6-9). He testified that he prepared the Exhibit B based on his review of the jury's verdict for past and future economic losses, and the trial testimony of the plaintiff and plaintiff's expert (pp.19-24).

## EVIDENCE

### A) Past and Future Health Insurance

Friefelder testified that the jury awarded past and future health insurance based on the numbers testified to at trial by plaintiff's expert (pp.20-21). Plaintiff's expert included health insurance in the loss of earnings calculation (*id.*). Therefore, crediting the trial testimony of plaintiff's expert, coupled with plaintiff's trial testimony that he has health insurance from the date of the accident continuing through the present and that he will qualify for Medicare, Friefelder applied a dollar-for-dollar offset of $281,326.00 for the past cost of replacing health insurance and $28,250.00 for future health insurance (19:20-25, 20:1-16, pp.22-24).

However, Friefelder testified that he did not review plaintiff's health insurance policy and therefore was unaware of the cost of the health plan premium or co-payments (42:18-25, 43:1-10). He offered no testimony as to the cost of any Medicare premium. Further, the witness was aware that because plaintiff now resided in Florida, some of his health care costs may not be covered by his insurance (45:2-18).

### B) Past Loss of Earnings

The plaintiff's past loss of earnings was $950,056.00, plus $79,204, representing loss of annuity contributions (23:1-7). Plaintiff testified at trial that he receives a NYCERS Disability Pension and Social Security Disability benefits (pp.25-27). Friefelder testified that according to NYCERS summary plan description for Tier 4 pensions, at the age of 65 with 10 years of service, plaintiff is entitled to a disability pension equal to the greater than 1/3 of the final average three-year salary or 1.667% multiplied 30 years of service. Therefore, since plaintiff had 14 years of service with a final average salary of $63,739.00, Friefelder calculated his annual disability pension to be $21,246.00 which equals an offset of $268,326.00 from the date of accident through the date of the verdict (27:22-25, 28:1-22, 32:16-22, pp.47-48).

Plaintiff was also receiving a social security disability benefit of $1,900.00 per month or $22,800.00 annually (32:15-20). Therefore, Friefedler calculated a further offset of $290,423.00 from the date of the accident through the verdict (33:1-14).

### C) Future Loss of Earnings

Based on the foregoing data and formulas, Friefelder determined that defendant is entitled to an offset of $378,697.00 for future NYCERS disability benefits and $545,491.00 for Social Security Disability Benefits (pp.33-35).

Friefelder also factored into his calculations Cost of Living Adjustments (COLA) for both NYCERS and Social Security Disability (32:1-9, pp.33-35). The COLA adjustments for both are the same for all recipients regardless of where they reside in the United States (pp.50-51).

Friefelder's testimony was consistent with the Summary Table of Collateral Source Offsets (Exhibit B).

## ANALYSIS

CPLR § 4545 authorizes a court to offset or reduce awards for past or future expenses in personal injury cases where "any such past or future cost or expense was or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source, except for life insurance...." This section further provides that "[I]f the court finds that any such cost or expense was or will, with reasonable certainty, be replaced or indemnified from any such collateral source, it shall reduce the amount of the award by such finding, minus an amount equal to the premiums paid by the plaintiff for such benefits for the two-year period immediately preceding the accrual of such action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits." (*Harden v Cypress Crest II Condo*, Index #100835/2015 [Ozzi, J., 2023]). The defendants must establish an entitlement to a collateral source offset by coming forward with clear and convincing evidence (*Quezada v O'Reilly-Green*, 24 AD 3d 744, 746 [2d Dept. 2005]).

### A) Health Insurance Offset

Here, defendants failed to establish by clear and convincing evidence an entitlement to a collateral source reduction of past and future health benefits. Defendants' expert admittedly could not provide testimony or documentary evidence that an amount equal to plaintiff's past or future cost of premiums to maintain such benefits, co-payments and deductibles were subtracted

[*4]

from the requested collateral source offset (CPLR § 4545; Tr. 42:18-25, 43:1-10). This testimony, together with the lack of evidence concerning the costs associated with Medicare benefits, warrants a denial of defendants' motion for an offset for the cost of past and future health insurance.

## B) Loss of Earnings

Next, while disability retirement benefits are a collateral income source (*Kihl v Pfeffer*, 47 AD3d 154, 164 [2nd Dept 2007], *citing Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81, 89, [1995], such benefits end at age 67 when plaintiff transitions to Social Security Retirement benefits. Therefore, the offset for future Social Security Disability benefits is limited to five years and nine months, *i.e.*, the date of the verdict (5/15/24) to the month before plaintiff's 67th birthday. (*Bortugno v. Schindler E. Corp.*, 2025 NY Slip Op 30839 [U], *5 [NY County, Kingo, J.]). Friefelder's testimony establishes that he calculated this offset over the 15-year life expectancy from the date of the accident only using plaintiff's social security disability payment of $22,800.00 per year at a 2.59% inflation rate (33:24-25 and p.34). At the hearing, defendants did not present evidence of plaintiff's projected Social Security Retirement benefits to obtain a collateral source reduction for plaintiff's remaining nine years and one month life expectancy after attaining the age of 67.

Based on the evidence adduced at the hearing, defendants are entitled to a 1) past collateral income source offset of $268,326.00 for NYSCERS Disability Benefits and $290,423.00 for Social Security Disability benefits and 2) future collateral income source offset $378,697.00 for NYSCERS Disability benefits (Ex. B). The offset for future Social Security Disability benefits must be recalculated for the five year and nine month period from the date of the verdict through the month before plaintiff's 67th birthday.

Accordingly, it is hereby

ORDERED that defendants have established, with reasonable certainty and by clear and convincing evidence, that plaintiff's Social Security Disability benefits are a collateral source subject to an offset under CPLR § 4545 as these benefits are highly probable to continue until plaintiff attains the age of 67, and it is further

ORDERED that defendants are entitled to an offset for future Social Security Disability benefits based on a 5.9-year projection when plaintiff attains the age of 67 rather than a 15-year projection, and it is further

ORDERED that plaintiff's future Social Security Disability benefits shall be recalculated based on the 5.9-year projection at the 2.59% inflation rate and plaintiff shall submit an amended proposed judgment reflecting this recalculation, and it is further

ORDERED that defendants have established, with reasonable certainty and by clear and convincing evidence, that plaintiff's past Social Security Disability benefits and NYSCERS Disability Pension are collateral sources subject to an offset under CPLR § 4545 as these benefits are highly probable to continue, and it is further

ORDERED that plaintiff shall submit an amended proposed judgment reflecting past collateral income source offsets of $268,326.00 for NYSCERS Disability Benefits and $290,423.00 for past Social Security Disability benefits, and it is further

ORDERED that defendants have established, with reasonable certainty and by clear and convincing evidence, that plaintiff's future NYSCERS Disability Pension is a collateral source subject to an offset under CPLR § 4545 as these benefits are highly probable to continue, and it is further

ORDERED that plaintiff shall submit an amended proposed judgment reflecting a future collateral source offset of $378,697.00 for NYSCERS Disability Benefits, and it is further

ORDERED that defendants failed to establish, with reasonable certainty and by clear and convincing evidence, an entitlement to an offset for the cost of past and future health insurance, and it is further

ORDERED that plaintiff shall submit the amended proposed judgment within 45 days of entry of this Order in NYSCEF.

This constitutes the decision and order of the Court.

ENTER:

Hon. Anne J. Swern, J.S.C.
Dated: 3/31/2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____